## In re UNION PAINT CO., Inc.

(District Court, E. D. New York. August 21, 1924.)

**Bankruptcy ⬡⟹340—Evidence held insufficient to prove salary of president authorized by board of directors.**

Evidence in support of claim of president of bankrupt corporation for salary *held* insufficient to prove that payment of salary was authorized by board of directors.

In Bankruptcy. In the matter of the Union Paint Company, Inc., bankrupt, in which Stewart H. McIntosh filed claim for salary as president of the bankrupt corporation. On motion for order reversing referee's order expunging claim. Motion denied.

Henry Caplan, of New York City, for claimant.

Robert P. Levis, of New York City, for trustee.

GARVIN, District Judge. This is an application to review an order made by the referee expunging the claim of Stewart H. McIntosh for salary as president of the

bankrupt from October 1, 1921, to December 1, 1922, at the rate of $100 per month. McIntosh was elected treasurer of the bankrupt, and his salary was fixed at $4,000 per annum, which he drew until he was elected president. At that time, according to his contention, he voluntarily reduced his salary to $100 per month. It needs no argument to demonstrate that he could neither increase nor decrease a salary paid to him as treasurer when he assumed the office of president and have such action apply to the salary of the latter office. Any salary paid to him as president had to be fixed by the board of directors.

The referee has found that the proof produced was not sufficient to satisfy him that action authorizing payment of Mr. McIntosh's salary as president was duly taken by the board of directors. The following appears in the record when Mr. McIntosh testified:

"Q. Do you know whether a resolution was passed fixing your salary as president of the company? A. I think it was.

"Q. Do you know? A. To the best of my recollection, it was.

"Q. What was it fixed at? A. $100 a month.

"Q. At what meeting was a resolution passed? A. Somewhere about November, 1918.

"Q. Was it a directors' meeting or stockholders' meeting? A. I think it was a directors' meeting.

"Q. Do you recall who was present at that meeting? A. Mr. Nichols, Mr. Donovan, Mr. Hartfield, I believe, and Mr. T. E. Burnes; that is all I remember just now.

"Q. Who was the secretary of the corporation at that time? A. Thomas Robinson.

"Q. Do you know whether he made an entry in the minute book of the corporation? A. I should say he did; yes.

"Q. Do you know when you became president of the corporation? A. About November, 1918.

"Q. Was it November, 1918, that you became president of the corporation? A. I think so; I am not positive."

William Hartfield, a director of the bankrupt, in response to a question as to the amount of salary Mr. McIntosh was receiving as president replied: "I am not sure, about $100 a month." He later testified even less positively.

Lee Hartshorn, director and treasurer of the bankrupt, testified that the minutes showed that the president's salary was fixed at $100 a month; but his testimony is by no means clear, and evidently was considered by the referee so unconvincing that he gave it little probative force. The referee had before him the witnesses and heard their testimony. He has evidently considered that they are not to be believed upon the point in issue when other circumstances of the case are taken into account—the disappearance of the minute book, the filing of schedules without mention of this claim and the delay of the alleged creditor in filing his claim.

The motion for an order reversing the referee's order is denied.